UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH HERMAN COATES, #222792,

        Petitioner,

                                                              CASE NO. 2:09-CV-14132
v.                                                      HONORABLE GERALD E. ROSEN

LLOYD RAPELJE,

        Respondent.
                                              /

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR
SUMMARY JUDGMENT, DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Keith Herman Coates ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights. Respondent has filed a motion for summary judgment contending that the petition should be dismissed as untimely. For the reasons set forth herein, the Court grants Respondent's motion for summary judgment and dismisses the habeas petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court also denies a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

**II.    Facts and Procedural History**

Petitioner pleaded guilty to assault with intent to murder, Mich. Comp. Laws § 750.83, in the Berrien County Circuit Court, based upon an incident which occurred on October 1, 1996, in

1

exchange for the dismissal of additional charges. He was sentenced to life imprisonment in 1997. Following his conviction and sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Coates*, No. 204037 (Mich. Ct. App. Nov. 7, 1997). Petitioner then filed a delayed application for leave to appeal with the Michigan Supreme Court, which was also denied. *See People v. Coates*, 459 Mich. 868, 586 N.W.2d 741 (Sept. 28, 1998).

On February 12, 2007, Petitioner filed a motion for relief from judgment in the state trial court, which was denied on May 21, 2007. Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Coates*, No. 285341 (Mich. Ct. App. July 10, 2008). He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Coates*, 482 Mich. 1070, 757 N.W.2d 480 (Nov. 25, 2008).

Petitioner dated his federal habeas petition on October 8, 2009. In his pleadings, he raises claims concerning the factual basis for his plea, double jeopardy, and the effectiveness of trial and appellate counsel. On April 9, 2010, Respondent filed the instant motion for summary judgment contending that the petition should be dismissed as untimely. In response, Petitioner filed an "amendment" to his petition stating that he was held in segregation from April, 1998 until January, 2001 and that he did not have access to legal assistance and legal materials during that time. The Court has accepted Petitioner's supplemental pleading for consideration.

**III.  Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., became effective on April 24, 1996. The AEDPA governs the filing date

2

for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's conviction became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied Petitioner leave to appeal on direct appeal on September

28, 1998. Petitioner then had 90 days in which to seek a writ of certiorari with the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. Rule 13(1). He did not do so. His conviction thus became final on December 27, 1998. Accordingly, Petitioner was required to file his federal habeas petition on or before December 27, 1999, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his state court motion for relief from judgment on February 12, 2007. Thus, the one-year limitations period expired well before Petitioner sought state post-conviction or collateral review. A state court post-conviction motion filed after the expiration of the one-year limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not allege that his claims are based upon newly-discovered evidence or newly-enacted, retroactively applicable law. He does, however, seem to assert that the State created an impediment to the filing of his petition because he was held in segregation without access to legal assistance or legal materials from 1998 to 2001. Even assuming that such segregation constituted an impediment, however, Petitioner would have had to seek state post-conviction or collateral review or file his federal habeas petition within one-year of his release from segregation. *See* 28 U.S.C. § 2244(d)(1)(B) (providing that the one-year period begins to

run when the state-created impediment is removed); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that tolling ends when the state-created impediment is removed). Petitioner, however, did not file his state court motion for relief from judgment until 2007 and he offers no sufficient excuse for such an extended delay. His habeas action is thus untimely under 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. "These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner asserts that the Court should consider his habeas petition because he was held in segregation for three years, he has limited access to legal assistance and legal materials, he has limited funds, and he experienced delays in obtaining certain documents. Such typical conditions of prison life, however, do not constitute exceptional circumstances which justify tolling of the one-year period. *See United States v. Stone*, 68 F. App'x 563, 565 (6th Cir. 2003) ("allegations regarding insufficient library access, standing alone, do not warrant equitable tolling"); *Roland v. Motley*, No. 05-217-DLB, 2006 WL 2457936, *6 (E.D. Ky. Aug. 22, 2006) (citing cases and ruling that inability to obtain or pay for copies does not warrant equitable tolling); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751 (E.D. Mich. 2002) (denial of access to legal materials is not an exceptional circumstance warranting equitable tolling); *see also Maclin v. Robinson*, 74 F. App'x 587, 589 (6th Cir. 2003) (limited access to prison law library does not constitute a state impediment under 28 U.S.C. § 2244(d)(1)(B)). Petitioner has not shown that unusual prison conditions precluded him from filing his petition in a timely manner.

Additionally, the fact that Petitioner is untrained in the law, is proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

Petitioner has also not shown diligence in seeking habeas relief given that he filed his state court motion for relief from judgment more than eight years after the completion of his

direct appeals. Moreover, he waited another ten months after the conclusion of those state post-conviction proceedings to file his federal habeas petition. Such extended delays demonstrate Petitioner's lack of diligence in pursuing his remedies. Petitioner is therefore not entitled to equitable tolling under *Dunlap*.

The Sixth Circuit has also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190. As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Significantly, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner has made no such showing. He is thus not entitled to equitable tolling of the one-year period.

**IV.     Conclusion**

Based upon the foregoing analysis, the Court concludes that Petitioner failed to file his federal habeas action within the one-year limitations period established by 28 U.S.C. § 2244(d), that he has not demonstrated entitlement to statutory or equitable tolling, and that the statute of limitations precludes review of his claims. Accordingly, the Court **GRANTS** Respondent's

motion for summary judgment and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that jurists of reason would not find the Court's procedural ruling that the petition is untimely and cannot be saved by equitable tolling debatable. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal because such an appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: May 13, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 13, 2010, by electronic mail and upon Keith Herman Coates, #222792, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623 by ordinary mail.

                                  s/Ruth A. Gunther
                                  Case Manager